IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ISAAC ISRAEL, | |
| Plaintiff, | Case No.: 21-cv-05408 |
| v. | |
| CHICAGO POLICE OFFICERS LUKE OPOKA, STAR NO. 18952; ZACHARY GAMMONLEY, STAR NO. 15808; BRIAN GUNNELL, STAR NO. 2020; SHAVONNE HUFF, STAR NO. 19948; and MAURICE DANIEL, STAR NO. 16559, | Honorable Jorge L. Alonso<br><br>Amended Complaint for Violation of Civil Rights<br><br>**JURY DEMANDED** |
| Defendants. | |

**JURISDICTION AND VENUE**

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

**PARTIES**

3. At all times herein mentioned, Plaintiff ISAAC ISRAEL ("Plaintiff") was and is a citizen of the United States and was within the jurisdiction of this court.

4. At all times herein mentioned, OFFICER LUKE OPOKA, was employed by the City of Chicago Police Department and was acting under color of state law and as the employee, agent, or representative of the City of Chicago Police Department. This Defendant is being sued in his individual capacity.

1

5. At all times herein mentioned, OFFICER ZACHARY GAMMONLEY, was employed by the City of Chicago Police Department and was acting under color of state law and as the employee, agent, or representative of the City of Chicago Police Department. This Defendant is being sued in his individual capacity.

6. At all times herein mentioned, OFFICER BRIAN GUNNELL, was employed by the City of Chicago Police Department and was acting under color of state law and as the employee, agent, or representative of the City of Chicago Police Department. This Defendant is being sued in his individual capacity.

7. At all times herein mentioned, OFFICER SHAVONNE HUFF, was employed by the City of Chicago Police Department and was acting under color of state law and as the employee, agent, or representative of the City of Chicago Police Department. This Defendant is being sued in his individual capacity.

8. At all times herein mentioned, OFFICER MAURICE DANIEL, was employed by the City of Chicago Police Department and was acting under color of state law and as the employee, agent, or representative of the City of Chicago Police Department. This Defendant is being sued in his individual capacity.

## FACTUAL ALLEGATIONS

9. On or about October 13, 2019, Plaintiff was lawfully driving in his vehicle in the City of Chicago, County of Cook, Illinois.

10. At that date and place, Defendant Opoka caused Plaintiff to stop his vehicle. There was no legal cause or reasonable suspicion to cause Plaintiff to stop his vehicle and be detained.

11. Defendants Opoka alleged that the cause for the stop was multiple broken lights on the rear of Plaintiff's vehicle.

12. At no point on October 13, 2019 were any of the lights on Plaintiff's vehicle broken.

13. On that date, Plaintiff had not engaged in any criminal activity or violated any traffic laws.

14. Upon approaching the vehicle, Defendant Opoka asked Plaintiff if there were any weapons in his vehicle.

15. In response, Plaintiff immediately identified that he had a valid FOID card and that his legally registered firearm was in the trunk of the vehicle.

16. Importantly, Plaintiff's firearm was inaccessible from the interior of his vehicle.

17. Defendants then ordered Plaintiff out of his vehicle and he was placed in handcuffs.

18. There was no legal cause or reasonable suspicion to order Plaintiff out of his vehicle or subject him to a custodial arrest.

19. Defendants searched Plaintiff's vehicle and located his lawfully possessed firearm in his trunk.

20. Defendants did not have legal cause, consent, or reasonable suspicion to conduct a search of Plaintiff's vehicle.

21. Defendants falsely claimed that Plaintiff's was illegally transporting his lawfully possessed firearm.

22. Defendants then arrested Plaintiff for unlawful use of weapon despite the fact that Plaintiff had a valid FOID card and he was legally transporting his firearm.

23. Plaintiff was also given a traffic ticket for broken or inoperable lamps. This was not true, Plaintiff's lights on his vehicle were not broken or inoperable.

24. There was no legal or probable cause to detain and/or arrest Plaintiff for any crime.

25. As a result of Defendant Officers causing Plaintiff to be charged with a criminal offense, he was subjected to a legal process, criminal prosecution, pretrial detention, and deprivation of his liberty.

26. Defendant Officers knew that the criminal prosecution, pretrial detention, and deprivation of Plaintiff's liberty was based solely upon Defendants' false allegations that Plaintiff was unlawfully transporting his lawfully possessed firearm and that Plaintiff's vehicle had broken lamps, and thus Defendants knew Plaintiff's prosecution, pretrial detention, and deprivation of Plaintiff's liberty was not supported by probable cause.

27. Plaintiff remained incarcerated for approximately 21 hours until he was released on bond.

28. The criminal charges and traffic ticket were dismissed on December 2, 2019 in Plaintiff's favor in a manner indicative of innocence.

29. By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries, including but not limited to, an unlawful search and seizure, humiliation, and indignities, and suffered great mental and emotional pain and suffering all in an amount to be ascertained.

30. The aforementioned acts of Defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

31. By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

<u>**COUNT I**</u>
**PLAINTIFF AGAINST DEFENDANTS FOR UNREASONABLE SEARCH AND SEIZURE**

32. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through thirty-two (32) as though fully alleged at this place.

33. By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendments to the Constitution of the United States and laws enacted thereunder

34. The arbitrary intrusion by Defendants into the security and privacy of Plaintiff's person was in violation of Plaintiff's Constitutional Rights and not authorized by law. The Defendant violated Plaintiff's rights in the following manner: the detention, seizure and arrest of Plaintiff by Defendants and each of them was without any legal cause. The search of Plaintiff's vehicle was without any legal cause.

35. The foregoing was unnecessary, unreasonable and excessive, and was therefore in violation of Plaintiff's Fourth Amendment rights. Therefore, the Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT II
## PLAINTIFF AGAINST DEFENDANTS FOR UNLAWFUL DETENTION

36. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through thirty-two (32) as though fully alleged at this place.

37. The Defendants subjected Plaintiff to criminal prosecution, a pretrial detention, and/or deprivation of his liberty without probable cause.

38. Defendants did not have probable cause to believe Plaintiff had committed a criminal offense or cause him to be subjected to any pretrial restriction of his liberty.

39. Defendants knew that Plaintiff's arrest, detention, and criminal prosecution was based solely upon Defendants' false allegations that Plaintiff was illegally transporting his lawfully possessed firearm.

40. All criminal charges initiated by Defendants against Plaintiff were dismissed in a manner indicative of innocence on December 2, 2019.

41. By reason of the conduct of Defendants and each of them, Plaintiff was deprived of his rights, privileges, and immunities, secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

42. The arbitrary intrusion by Defendants, into the security and privacy of Plaintiff's person was in violation of Plaintiff's constitutional rights and not authorized by law. Defendants violated Plaintiff's rights in the following manner: causing the Plaintiff to be subjected to pretrial detention that restrained his liberty without probable cause for the detention and in violation of Plaintiff's Fourth Amendment rights. Therefore, Defendants in their individual capacity, are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**WHEREFORE,** the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, requests judgment as follows against the Defendants, and each of them:

1. That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiff's special damages;

3. That the Defendants be required to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the Defendants be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6. That Plaintiff have such other and further relief as this Court may deem just and proper.

Respectfully submitted,

BY: s/Jaclyn N. Diaz

Jaclyn N. Diaz
Attorney for Plaintiff
ED FOX & ASSOCIATES

300 West Adams, Suite 330
Chicago, Illinois 60606
(312) 345-8877
jdiaz@efoxlaw.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

        BY:    <u>s/Jaclyn N. Diaz</u>

                Jaclyn N. Diaz
                Attorney for Plaintiff
                ED FOX & ASSOCIATES
                300 West Adams, Suite 330
                Chicago, Illinois 60606
                (312) 345-8877
                jdiaz@efoxlaw.com